Captain Bob Graham Lake Village Police Department P.O. Box 725 Lake Village, Arkansas 71653
Dear Captain Graham:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether certain records relating to your employment with the Lake Village Police Department are open to inspection under the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996) and (Supp. 1999). Specifically, you have enclosed a letter from a citizen requesting "copies of all information pertaining to Captain Bob Graham's suspension and of the appeal he made and the results of the appeal, plus any other information in his personnel folder concerning his promotion to Captain."
You state that you consider this request to involve your personnel records, and that you consider the records to be exempt from disclosure under A.C.A. § 25-19-105 because "disclosure would be an unwarranted invasion of privacy." You also state that you do not think a letter referring to suspension should be in your personnel file since you successfully appealed to have the suspension overturned. You have enclosed a letter with your request indicating that the suspension was in fact overturned.
RESPONSE
It is my opinion that because the suspension in question was overturned, records relating to the suspension, appeal, and results of the appeal are not subject to disclosure under the FOIA. Records relating to your promotion to Captain may or may not be open to public inspection, depending upon their content. I have not been provided with the actual records in this regard and cannot come to a definite conclusion on this point.
The determination as to the disclosability of the records in question turns upon whether the records are properly classified as "personnel records," or "employee evaluation or job performance records." It is my opinion that records relating to a suspension and appeal of that suspension are properly classified not as "personnel records," but as "employee evaluation or job performance records" for purposes of the FOIA. The distinction is an important one because a different legal test applies to the release of each. Under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public,except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10) (Repl. 1996). Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. §25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
In this particular case, the records indicate that the suspension in question was overturned in an administrative appeal of the suspension. It thus appears that the initial prong for the release of "employee evaluation or job performance" records has not been met. Suspension or termination is a prerequisite to the release of evaluation or job performance records. It has been stated generally that: "[t]he records are exempt [from disclosure] . . . if a decision to suspend or terminate [the employee] has been overturned." J. Watkins, The Arkansas Freedom ofInformation Act 134 (2nd ed. 1994), citing Op. Att'y Gen. 91-180 (city council's decision to suspend police chief, which was vetoed by the mayor, and not overridden, was not a final suspension which would lead to release of the chief's job performance records).
As for any records relating to your promotion to Captain, a factual question may arise as to whether such records are "personnel records" or "employee evaluation or job performance records." I have not been provided with the actual records. Although my predecessor has previously opined that promotion records can constitute "employee evaluation/job performance records" if they detail the performance of an individual on the job (see, e.g., Op. Att'y Gen. No. 97-081), it has also been the opinion of this office that the names, dates, and positions to which the individual is promoted can be released. See Op. Att'y. Gen. 99-016. If your promotion records reflect only this type of releasable information, I would not classify them as "employee evaluation/job performance records." They can therefore be released, as the disclosure of such information does not constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105 (b)(10).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh